UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV174-J

TRACY BAILEY                                                                                               PLAINTIFF

VS.

MICHAEL J. ASTRUE,
      Commissioner of Social Security                                                    DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Tracy Bailey ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

## PROCEDURAL HISTORY

Ms. Bailey was granted a closed period of disability on a previous application. That period ran from December 30, 2000 through February 18, 2004. On August 4, 2006, Claimant filed application for disability insurance benefits and supplemental security income payments, alleging that she became disabled as of August 2004.[1] After a hearing, Administrative Law Judge Timothy G. Keller ("ALJ") determined that claimant's chronic low back pain status post lumbar decompression and fusion surgery L4-S1 secondary to degenerative disc disease was a severe impairment that prevented her from performing any of her past relevant work. The ALJ further

---

[1] This date was amended to February 19, 2004, the day following the end of her previous closed period of disability.

found that she retained the residual functional capacity to perform the full range of sedentary work. This became the final decision of the Defendant when the Appeals Council denied review on January 9, 2008.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

The disability determination process consists of five steps. Wyatt v. Secretary, 974 F.2d 680 (6th Cir. 1992). These steps are approached sequentially, and a finding at any step that is adverse to the claimant terminates the process:

1. The claimant must not be engaged in substantial gainful activity.

2. The alleged disabling impairment must be "severe," meaning that it significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking. 20 CFR Section 416.921.

3. If the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"),

the evaluation terminates and the claimant is conclusively presumed to be disabled. Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991).

4. The claimant must be unable to do his or her past relevant work.

5. If the claimant shows inability to do the past relevant work, the Commissioner must come forward with evidence to show that the claimant can still perform a significant number of jobs. Born v. Secretary, 923 F.2d 1168 (6th Cir. 1990).

Plaintiff argues that the ALJ erred at Step three. At that step of the sequential evaluation process, the inquiry is whether the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"). If the plaintiff carries the burden of establishing that she meets a Listing, the evaluation terminates and the claimant is conclusively presumed to be disabled. Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991), Burress v. Secretary, 835 F.2d 139 (6th Cir. 1987). Listings are to be interpreted very strictly, and the plaintiff must establish the existence of *all elements* of the Listing. Foster v. Halter, 279 F.3d 348 (6th Cir. 2001), Hale v. Secretary, 816 F.2d 1078 (6th Cir. 1987), Dorton v. Heckler, 789 F.2d 363, 367 (6th Cir. 1986).

It would appear that the appropriate Listing in this case would fall in 1.04, "Disorders of the Spine." This requires proof of the following, inter alia: compromise of a nerve root or spinal cord, pseudoclaudication, chronic weakness, or the inability to ambulate effectively. Plaintiff makes no effort to point to evidence sufficient to establish each of these requirements, nor would the record support her doing so. To meet a listing, a claimant must present specific *medical evidence* to satisfy all of the Listing criteria. 20 C.F.R. Sec. 416.925. That is, at Step Three, it is insufficient to point to the existence of an impairment and use various types of evidence to argue that the functional

restrictions imposed by that impairment are disabling; rather, the plaintiff must point to medical evidence establishing *all* of the criteria set out in the listing. "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). The plaintiff cannot show that s/he "equals" a Listing simply by showing overall functional impact of his condition; "equivalence" is a test used only when the claimant's impairment is unlisted, and it is satisfied only by presenting medical evidence of findings "equal in severity to *all* the criteria for the one most similar impairment." Sullivan v. Zebley, 493 U.S. 521, 531 (1990). As plaintiff has failed to point to the necessary medical evidence as to *all* criteria, this argument is without merit.

Plaintiff complains that the ALJ failed to consider medical evidence of record that indicated incomplete fusion on the left side. See Tr. 204, 217. However, as plaintiff fails to suggest how this evidence would compromise the findings regarding functional limitation, any such oversight is insignificant. Similarly, claimant's objection to the use of the pronoun "we" in the decision is hardly worthy of any attention; judicial decision makers have used the nosism in opinions for more than two centuries.

Plaintiff objects to the determination regarding disability "through the August 27, 2008 Decision," because the last evidence was received in July of 2008 (at the hearing). Her argument is that the ALJ was attempting thereby to make an impermissible prospective determination regarding disability. This argument is, to say the least, puzzling. The period of time at issue in this application ran from February 19, 2004 (the day following her previous closed period of disability) through the date of the ALJ's decision. The application remained pending until the date of the ALJ's decision. See, e.g., 20 C.F.R. 404.620(a). Additional evidence can be submitted after the

hearing, but the date of the decision controls for res judicata purposes. There was no error.

Plaintiff appears to object that the ALJ erred in conducting his credibility evaluation.

It is well-established that resolving conflicts in the evidence and deciding questions of credibility are matters within the province of the ALJ. Wright v. Massanari, 321 F.3d 611 (6th Cir. 2003). SSR 96-7p provides instruction on credibility evaluation as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements. In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

20 C.F.R. § 404.1529© describes the kinds of evidence, including the factors below, that the adjudicator is to consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1) Daily activities;

2) The location, duration, frequency, and intensity of pain or other symptoms;
3) Precipitating and aggravating factors;

4) The type, dosage, effectiveness, and side effects of any medication taken to alleviate your pain or other symptoms;

5) Treatment, other than medication, received for relief of pain or other symptoms;

6) Any measures used to relieve pain or other symptoms (e.g., lying flat on the back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

7) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

In this case, the ALJ found that "claimant was simply not credible." Tr. 14. He was

concerned about her evasiveness regarding her drug use, and noted that she "gave quite a few different answers." Id. The ALJ also pointed to treating source evidence suggesting "that complaints do not always correlate with objective findings." Tr. 15. He noted that she can attend to personal hygiene, care for her dogs, do household chores and laundry, cook, watch television, shop for groceries, and visit with friends. The ALJ did not err in applying the factors involved in a credibility analysis, and substantial evidence supports his decision.

Finally, plaintiff points to her neurosurgeon's Functional Capacity Assessment dated October 28, 2004. This document was not part of the administrative record before the ALJ. The District Court is prohibited from considering as part of the evidence as a whole any material that was not before the ALJ. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993). If the Appeals Council declines to review an ALJ's decision, federal courts cannot consider evidence not presented to the ALJ. See Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir.1996); Cotton, 2 F.3d at 696. When such evidence is offered, the court may remand the case to the ALJ. See Cline, 96 F.3d at 148 ("The district court can, however, remand the case [.]"). However, remands are permitted only in limited circumstances.

The limited circumstances under which a remand is permitted arise when the party seeking remand shows that: (1) new and material evidence is available; and (2) good cause exists for not first presenting the evidence to the ALJ. See Willis v. Sec'y of Health & Human Servs., 727 F.2d 551, 554 (6th Cir.1984). Evidence is new only if it was "not in existence or available to the claimant at the time of the administrative proceeding." Sullivan v. Finkelstein, 496 U.S. 617, 626, 110 S.Ct. 2658, 110 L.Ed.2d 563 (1990). Clearly, in this case, the October 28, 2004 document was in existence and available to claimant at the time of the hearing.

Furthermore, a claimant shows "good cause" by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ. <u>Willis v. Sec'y of Health & Human Servs</u>., 727 F.2d 551, 554 (1984) (per curiam). As noted above, the burden of showing that a remand is appropriate is on the claimant. <u>Oliver v. Sec'y of Health & Human Servs</u>., 804 F.2d 964, 966 (6th Cir.1986). Plaintiff has made no effort whatsoever to show "good cause." There is no basis for remand to consider this document.

An order in conformity has this day entered.